■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM KANE, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered September 19, 1966, convicting defendant of robbery in the second degree, armed, upon his guilty plea, and imposing a 5 to 15 year sentence. Judgment reversed, on the law and the facts, and action remitted to the Criminal Term for the purpose of (a) holding a hearing upon defendant's motion to withdraw his plea of guilty and (b) making a determination thereon *de novo*. On this record, it is our opinion that the trial court should not have denied defendant's motion to withdraw his guilty plea without inquiring into the truth of his allegation that the plea had been induced by a threat of a much heavier sentence (see, *People* v. *Granello,* 18 N Y 2d 823). Christ, Rabin and Benjamin, JJ., concur; Munder, J., dissents and votes to affirm, with the following memorandum, in which Beldock, P. J., concurs: Defendant was indicted on three counts of armed robbery and on other related charges. On his plea of guilty his admission of guilt was no mere mouthing of the word "guilty". He detailed not only the facts of the count to which he pleaded guilty but admitted participating in another robbery (the subject of another count of the indictment) on the same evening. This was all done in the presence of his assigned counsel, an attorney of the Legal Aid Society, and in response to the court's inquiry in conformity with *People* v. *Serrano* (15 N Y 2d 304). He made no claim of threat or compulsion to induce his plea and was satisfied with the court's assurance that his sentence would not be increased pursuant to section 1944 of the Penal Law. He later again admitted not only these two robberies but also an additional one when questioned by the Probation Officer. For the first time when arraigned for judgment his attorney (a Legal Aid Society attorney other than the one who was with him when he pleaded guilty) stated that defendant had informed him "that at the time he took the plea he was forced to take it, he was threatened with a maximum sentence, and he wishes to withdraw his plea." The court summarily denied this application. Later when the section 480 (Penal Law) allocution was made the following colloquy between the attorney and the court took place: "WEEKS: * * *

the defendant informs me that at the time of the taking of the plea he was informed that if he didn't take the plea that he would need an adding machine. Those are the words he reiterated to me just now and I am going to put that on the record. COURT: I don't know who informed him of that. WEEKS: I don't know, either. I wasn't with him at the time he took the plea. COURT: I have already passed on the motion to withdraw the plea and I am now listening to any other facts in mitigation of sentence." The court then asked defendant if he wished to add anything to what had already been said and defendant responded that he did not. A full scale hearing on such a bald, unsupported and (because it was made to the Judge who participated in the plea negotiations) obviously specious claim of coercion would be an unnecessary waste of judicial time as well as of the time of witnesses and the prosecutor's staff. There should be some limit to the ability of an admitted felon, who does not now assert his innocence of the crimes he admitted or the one to which he pleaded guilty, to frustrate the orderly procedures of the court. I think we can safely have confidence that the Judge who participated in the plea negotiations and its acceptance has exercised sound judgment and discretion in summarily denying the application to withdraw the plea under the circumstances in this case.